UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JORGE ROJAS and PROFIRIO REYES, on
behalf of themselves and others similarly
situated,

                Plaintiffs,                              **ORDER**
                                                        15 CV 442 (CLP)
      - against -

CKLT TRADING INC., MEI KAN CHENG,
KWOK KEUNG CHEUNG, and MEI TING
CHENG,

                Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On January 29, 2015, Jorge Rojas ("Rojas") and Profirio Reyes ("Reyes") (together, "plaintiffs") commenced this class and collective action on behalf of themselves and all others similarly situated, seeking damages from defendants CKLT Trading Inc., Kwok Keung Cheung, Mei Kan Cheng, and Mei Ting Cheng (collectively, "defendants"), based on defendants' alleged failure to pay minimum wages and overtime compensation, as well as liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), Articles 6 and 9. (Compl.[1] ¶ 1). In addition, the Complaint alleges violations of the "spread-of-hours" provision of the NYLL, and violations of the Wage Theft Prevention Act. (Id. ¶ 2).

On April 18, 2016, the Court granted plaintiff's motion for conditional certification of a collective action under the FLSA and, on May 4, 2016, approved the Proposed Notice for dissemination to putative collective action members. However, given that the period for putative

---

[1]Citations to "Compl." refer to the Complaint, filed on January 29, 2015.

collective action members to opt-in to the collective action was July 23, 2016 and no consent forms were filed, there are no opt-in plaintiffs in this case.

On January 10, 2017, the parties notified the Court that they had reached a settlement in principal to resolve all claims. On January 30, 2017, the parties consented to proceed before the undersigned for all further proceedings. In light of the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House</u>, courts are required to approve the fairness of settlements of claims brought under the FLSA. 796 F.3d 199, 206 (2d Cir. 2015); see also <u>D.A. Schulte, Inc. v. Gangi</u>, 328 U.S. 108, 113 (1947). Accordingly, on February 1, 2017, plaintiffs' counsel filed a letter on behalf of the parties seeking the Court's approval of the settlement. (<u>See</u> Pls.' Ltr.[2]). The parties also submitted the settlement agreement. (<u>See</u> Agmt.[3]). On February 23, 2017, a fairness hearing was held before the undersigned.

Plaintiffs' letter, which was filed with defendants' consent, asserts that the proposed settlement of plaintiffs' claims for a total of $29,500 is fair and reasonable. (Pls.' Ltr. at 3). Plaintiffs' counsel represented at the fairness hearing that plaintiff Rojas will receive approximately one-third of the settlement amount after subtracting attorneys' fees, while plaintiff Reyes will receive the remaining amount. According to plaintiffs' letter, plaintiffs claimed that plaintiff Rojas was employed by defendants as a non-exempt warehouseman, driver's helper, and delivery person for defendants' wholesale food business from approximately 2006 until approximately September of 2012. (<u>Id.</u> at 2). Plaintiffs claimed that during the three-and-a-half

---

[2]Citations to "Pls.' Ltr." refer to plaintiffs' letter, filed on February 1, 2017.

[3]Citations to "Agmt." refer to the Settlement Agreement and Release of Wage and Hour Claims, attached as an exhibit to Pls.' Ltr., filed on February 1, 2017.

2

years he was employed, Rojas worked six (6) days per week for twelve (12) hours per day, or a total of seventy-two (72) hours per week. (Id.) He was paid $400 per week from 2009 until March of 2010, and $480 per week from April of 2010 until September of 2012. (Id.)

Plaintiffs claimed that plaintiff Reyes was also employed by defendants as a non-exempt warehouseman, driver's helper, and delivery person. (Id.) They further claimed that Reyes has been employed by defendants since 1999. (Id.) Plaintiffs alleged that, like plaintiff Rojas, plaintiff Reyes worked six (6) days per week for twelve (12) hours per day, for a total of seventy-two (72) hours per week. (Id.) Plaintiffs claimed that Rojas was paid $400 per week from 2009 until sometime in 2015, and $500 per week from sometime in 2015 until the present. (Id.)

At the fairness hearing, plaintiffs' counsel represented that, if plaintiffs' allegations were accepted as true, plaintiff Rojas would be entitled to approximately $42,000 in unpaid minimum wages and overtime compensation, and an additional $22,000 in liquidated damages, while plaintiff Reyes would be entitled to approximately $78,000 in unpaid minimum wages and overtime compensation, and an additional $55,000 in liquidated damages.

During discovery, however, plaintiffs conceded that defendants had produced "voluminous" wage and hour records for each plaintiff, including punch cards and payroll records, which indicate that plaintiffs generally worked either five (5) or six (6) days per week for eight (8) hours per day, meaning that they worked up to forty-eight (48) hours per week, not the seventy-two (72) hours plaintiffs claimed. (Id. at 3). According to the parties, plaintiffs signed these records when they were paid each week. (Id.) Defendants claimed that the time records showed that "defendants paid Plaintiffs on an hourly basis at the applicable minimum wage in effect, as well as the appropriate overtime rate of time and one-half for all overtime hours." (Id.)

3

Plaintiffs dispute the veracity of defendants' records, contending that defendants would "punch" each of the plaintiffs out of work each day after eight (8) hours, but that plaintiffs continued to work an additional four (4) hours each day. (Id.) However, plaintiffs concede that their deposition testimony as to if and when defendants ended this practice was inconsistent. (Id.) Additionally, while plaintiffs claim that there is certain handwritten information on defendants' records that was not there when plaintiffs signed the records, they concede that the records "appear to be contemporaneously created" and acknowledge that the records are consistent with defendants' payroll records for each year in question, such that disproving their accuracy at trial would be difficult. (Id. at 3-4). Plaintiffs note that if a trier of fact accepted defendants' records as reliable, plaintiffs' claims would have been "virtually extinguished." (Id. at 4). Finally, plaintiffs acknowledge that they did not have any witnesses or documentary evidence to refute the veracity of defendants' records. (Id.)

Accordingly, plaintiffs contend that the proposed settlement will permit them to receive "some recovery" while permitting the parties to avoid the risks of trial. (Id.) The parties further note that the settlement was reached after extensive negotiations between experienced counsel, and that the settlement agreement does not contain any confidentiality provisions or general releases. (Id. at 3-4).

At the fairness hearing, defendants' counsel represented that, in addition to the reasons provided in plaintiffs' letter, the settlement is fair and reasonable in light of defendants' desire to minimize litigation costs and achieve resolution of this case as early as practicable.

As to attorneys' fees and costs, the parties have indicated that plaintiffs' counsel will receive $9,832.35, calculated as one-third of the agreed-upon settlement amount. (Id. at 4).

4

Plaintiffs contend that this amount is reasonable because after two years of litigation, if their counsel were to seek fees on an hourly basis instead of on a contingency basis, their fees would have exceeded $30,000. (Id.) They further note that many courts have approved settlements of FLSA claims that provide for counsel receiving one-third of the settlement amount. (See id. (citing cases)).

Having reviewed plaintiffs' submission, conducted a fairness hearing with the parties, and being familiar with the issues involved in this case, the Court finds the settlement and amount allocated to attorneys' fees as indicated in plaintiffs' letter to be fair and reasonable under all the factors and hereby approves the settlement.

The parties are directed to file a letter with the Court by April 10, 2017 indicating whether defendants have made the required payments under the settlement agreement and whether the parties request that the Court sign the stipulation of dismissal that accompanied the parties' papers supporting their motion for settlement approval.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 23, 2017

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York